IN THE CIRCUIT COURT FOR HUMPHREYS COUNTY, TENNESSEE
AT WAVERLY
23RD JUDICIAL DISTRICT

FILED
MAY 21 2010
Elaine Choate
Circuit Court Clerk

MICHAEL SMITH, )
)
    Plaintiff, )
vs. ) Docket # 1007
) Jury Demand
ERACHEM COMILOG, INC., )
)
    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Michael Smith, and would show unto this Honorable Court a cause of action as follows:

1. The Plaintiff, Michael Smith, is a resident and citizen of New Johnsonville, Humphreys County, Tennessee.

2. The Defendant, Erachem Comilog, Inc., (hereinafter "Defendant Erachem") is a foreign corporation authorized to be and doing business in the state of Tennessee at 520 Foote Lane, New Johnsonville, Tennessee and is principally located at 610 Pittman Road, Baltimore, Maryland.

3. On or about June 4, 2009, the Plaintiff Michael Smith was employed by A & A Construction, Inc., and was on the premises owned by the Defendant doing repair work. The Plaintiff on said date and time stepped into an open vat of sulphuric acid and sustained serious personal injury.

4. At said date and time, the Defendant was responsible for the negligent acts and omissions of its employees, agents and representative pursuant to the legal doctrines of respondeat superior and agency.

Page -1-

5. At said date and time, the Defendant and its employees, representatives and agents failed to equip the sulfuric acid vats with covers and/or lids that secure each vat of sulphuric acid.

6. At said date and time, the Defendant and its employees, agents and representatives were responsible for covering the vat with a secure lid/cover.

7. At said date and time, the Defendant and its employees, agents and representatives maintained control over the area where the Plaintiff was injured.

8. At said date and time, the Defendant and its employees, agents and representatives possessed specialized training and knowledge in their responsibility to maintain a safe area for visitors and non-employees on their premises.

9. At said date and time, the Defendant and its employees, agents and representatives knew or should have known that the vats were not properly secured and covered.

10. At said date and time, the Defendant and its employees, agents and representatives, were negligent and reckless in failing to properly warn, instruct and notify all persons in the proximity of the specific vat that it was not secure and a lid did not cover it.

11. At said date and time, the Defendant and its employees, agents and representatives were engaged in an ultra-hazardous activity and were therefore strictly liable to the plaintiff for all damages and injuries resulting therefrom.

12. At said date and time of said accident, the Defendant and its employees, agents and representatives were negligent, reckless and grossly negligent in that they:

Page -2-

(1) failed to properly and safely secure and cover the vats and cells; (2) knew or should have known that some vats and cells were not properly secured; (3) failed to provide warning signs and/or notice to visitors and/or non-employees regarding the ultra-hazardous or dangerous condition of the uncovered vat; (4) failed to properly inspect said vat and cell and warn and notify others of its ultra-hazardous and dangerous condition; (5) failed to provide proper lighting so visitors and non-employees could adequately see the open vats and vat covers; and (6) failed to exercise due and reasonable care.

13. The Defendant and its agents, employees and representatives breached a duty it owed the Plaintiff because it failed to use reasonable care in the securing of the vats and cells and assuring that the vats and cells were in compliance with TOSHA, OSHA, Humphreys county ordinances, rules, and laws.

14. The Defendant and its agents, employees and representatives were negligent and in violation of TOSHA and OSHA statutes and regulations regarding the use of highly dangerous chemicals utilized by the Defendant during the course of their business and said acts were the proximate cause of the Plaintiff's injuries.

15. The Defendant and its agents, employees and representatives were guilty of negligence pursuant to the legal principle of Res Ispa Loquitor in that: (1) a vat, cell and its components should be secured and only the absence of due care including careless inspection and maintenance could lead to the Plaintiff's injuries at bar; and (2) the Defendant was in exclusive care and control of the vat and/or cell and is strictly liable for the Plaintiff's injuries.

16. Each of the foregoing acts on the part of Defendant as set forth herein was a direct and proximate cause of the damages suffered by Plaintiff.

Page -3-

Case 3:10-cv-00635  Document 1-1  Filed 06/30/10  Page 3 of 5 PageID #: 5

17. As a result of the Defendant's culpable acts and/or omissions as set forth herein, the Plaintiff has incurred and will continue to incur medical expenses, lost wages, loss of earning capacity, pain and suffering, loss of enjoyment of life, emotional distress, and permanent damages for all of which he deserves to be compensated.

18. The Plaintiff is entitled to an award of punitive damages against the Defendant because it acted with a conscious disregard of a substantial and unjustifiable risk of harm and damage to another which amounted to a gross deviation form the standard of care that an ordinary person would use under the circumstances.

WHEREFORE, Plaintiff prays:

    a. for process to issue and be served upon Defendant;

    b. that Defendant be required to answer this Complaint;

    c. that a jury of twelve determine all triable issues;

    d. for an award of compensable and punitive damages in favor of the Plaintiff and against the Defendant in an amount not less than $500,000.00;

    e. that all discretionary costs be taxed to the Defendant;

    f. that all court costs be taxed to the Defendant; and

    g. for general relief.

Respectfully submitted,

The Law Office of Donald D. Zuccarello

_____
Donald D. Zuccarello, BPR No. 15092
Nina H. Parsley, BPR No. 23818
3209 West End Avenue
Nashville, Tennessee 37203
(615) 259-8100
(615) 259-8108 Facsimile
Attorneys for Plaintiff

## COST BOND

I, Donald D. Zuccarello, am surety for this cause.

_____
Donald D. Zuccarello

Page -5-