IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| MICHAEL SMITH, | : | |
| | : | NO. 3:10-CV-00635 |
| Plaintiff, | : | |
| | : | DISTRICT JUDGE ALETA A. TRAUGER |
| vs. | : | MAGISTRATE JUDGE KNOWLES |
| | : | |
| ERACHEM COMILOG, INC., | : | |
| | : | |
| Defendant. | : | |

## JOINT ~~PROPOSED~~ INITIAL CASE MANAGEMENT ORDER

A. JURISDICTION:

The parties agree that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1441 (removal) and 28 U.S.C. § 1332(a) (diversity of citizenship).

B. BRIEF THEORIES OF THE PARTIES.

1. PLAINTIFF:

Michael Smith, "hereinafter Smith," was working for A&A Construction on June 4, 2009, when he was assigned to perform repair work at Erachem Comilog, Inc., "hereinafter Erachem." Erachem is a major producer of high purity EMD, which is used to make primary batteries or alkaline cells. Erachem's facility in New Johnsonville contains vats or digest tanks that contain sulfuric acid. Visibility at this facility can be greatly impeded by acid mist. Erachem knew Smith was coming onto the premises to perform repair work. The conditions at the Erachem New Johnsville facility required workers and visitors to walk near or on top of cell tanks and digest tanks. Erachem neglected to place a vent, lid or other cover over a vat or tank containing sulfuric acid on or about June 4, 2009 when Smith was at the facility performing repair work. Erachem similarly failed to warn or otherwise inform Smith that a vat or tank of sulfuric acid was uncovered. As a direct result of Erachem's negligence and failure to warn,

Smith stepped into a vat of sulphuric acid and sustained injuries and permanent damages.

    2.    DEFENDANT:

It is not disputed that on or about June 4, 2009, Plaintiff was employed by A & A Construction, Inc., was on the Defendant's premises doing repair work, and was involved in an incident on Defendant's premises. Defendant denies the nature of and the extent to which Plaintiff alleges he suffered injuries. Defendant disputes any liability related to the alleged incident.

Defendant reserves the right to add any and all defenses pending further investigation and discovery. Defendant does not know from what, if any, physical injuries or medical conditions or diseases, Plaintiff suffered prior to, on, or since the date of the alleged incident, June 4, 2009. Defendant avers that Plaintiff may have failed to use reasonable care and may have been comparatively at fault for the incident. Should discovery show that another third party is at fault for Plaintiff's alleged injuries, Defendant reserves the right to name that non-party(s).

    C.    ISSUES RESOLVED: Jurisdiction and venue.

    D.    ISSUES STILL IN DISPUTE: Liability and damages.

    E.    INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1) on or before September 30, 2010.

    F.    DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before <u>May 23, 2011</u>. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

2
Case 3:10-cv-00635   Document 13   Filed 08/30/10   Page 2 of 6 PageID #: 56

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before November 8, 2010.

Defendant will file its motion and proposed order to bifurcate trial by midnight, September 10, 2010, as it pertains to punitive damages being sought from the Defendant by Plaintiff. The Plaintiff's response if any, is due fourteen (14) days after electronic filing.

H. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before January 14, 2011. The defendant shall identify and disclose all expert witnesses and reports on or before January 28, 2011.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before April 4, 2011.

J. JOINT MEDIATION REPORT: The parties shall submit a joint mediation report on or before May 2, 2011.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before June 24, 2011. Responses to dispositive motions shall be filed within twenty (20) days after service. Optional replies shall be filed within ten (10) days after service of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

L. ELECTRONIC DISCOVERY. The parties have agreed that the default standard regarding electronic discovery contained in Administrative Order No. 174 need not apply to this case.

M. ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 3

days.
It is so ORDERED.

ENTERED this the __30th__ day of August, 2010.

_____
Aleta A. Trauger
United States District Judge

APPROVED FOR ENTRY:


s/Nina Parsley
Donald D. Zuccarello (#15092)
Nina H. Parsley (#23818)
3209 West End Avenue
Nashville, Tennessee 37203
615.259.8100

*Attorneys for Plaintiff*

s/Frank Thomas with permission by Nina Parsley
Frank Thomas (#012268)
Bank of America Plaza
414 Union Street, Suite 1900
Nashville, Tennessee 37219-1782
615.324.2739

s/Kevin Hess with permission by Nina Parsley
Steven Loewengart, Esq., *pro hac vice*
Kevin Hess, Esq., *pro hac vice*
2000 Huntington Center
41 S. High Street
Columbus, Ohio 43215

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I do hereby certify that on this 11th day of August, 2010, the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. The following will receive electronic notice:

Frank Thomas, Esq.
Bank of America Plaza
414 Union Street, Suite 1900
Nashville, Tennessee 37219-1782

Steven Loewengart, Esq.
Kevin Hess, Esq.
2000 Huntington Center
41 S. High Street
Columbus, Ohio 43215

s/Nina Parsley<br>Nina H. Parsley

6
Case 3:10-cv-00635   Document 13   Filed 08/30/10   Page 6 of 6 PageID #: 60