IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| MICHAEL SMITH, | : |
| | : NO. 3:10-CV-00635 |
| Plaintiff, | : |
| | : DISTRICT JUDGE ALETA A. TRAUGER |
| vs. | : |
| | : |
| ERACHEM COMILOG, | : |
| | : |
| Defendant. | : |

**DEFENDANTS' MOTION IN LIMINE TO BIFURCATE
TRIAL REGARDING PUNITIVE DAMAGES**

Come Defendant Erachem Comilog, by and through counsel, pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, and move this Court for an order to bifurcate this trial as it pertains to punitive damages being sought from Defendant. In support of its motion, Defendant states as follows:

Plaintiff seeks an award of punitive damages from Defendant. In a trial where punitive damages are sought, upon a motion of a defendant, the court shall bifurcate the trial; the first phase is to reach a determination regarding liability for the amount of compensatory damages and liability for punitive damages. Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901, (Tenn. 1992); Alexander v. Kappa Alpha Psi Fraternity, 464 F. Supp. 2d 751 (M.D. Tenn. 2006). If liability is found for punitive damages, then the amount of such damages shall be determined during a separate proceeding. Id.

Language in Federal Rule of Civil Procedure 42(b) allows the court to bifurcate a trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed.R.Civ.P.42(b). See, Saxion v. Titan-C-Manufacturing, Inc., 86 F.3d 553, 556 (6th Cir.1996). The language of the Rule places the