# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| MICHAEL SMITH, | : |
|     Plaintiff, | :   NO. 3:10-CV-00635 |
| vs. | :   DISTRICT JUDGE ALETA A. TRAUGER |
| ERACHEM COMILOG, | : |
|     Defendant. | : |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Defendant Erachem Comilog, Inc. ("Defendant"), and Plaintiff Michael Smith ("Plaintiff") assert that certain documents and information at issue in this case or sought in discovery contain confidential or proprietary information and require protection against unrestricted disclosure and use pursuant to Federal Rule of Civil Procedure 26(C); and

WHEREAS, Plaintiff's counsel has requested permission to inspect the premises of Defendant;

Upon the agreement of the parties said inspection will be limited to "Cell Room #3" and said inspection will be limited to the taking of still photographs. Upon agreement of the parties, no motion picture recording equipment of any kind will be permitted during said inspection.

Further, upon the agreement of the parties, and for good cause shown, this Order is entered pursuant to Fed. R. Civ. P. 26(C). This Court recognizes that Defendant possesses information and data that it deems proprietary and confidential in

nature. The parties have agreed to this Order to protect Defendant from any unnecessary disclosure of potentially Confidential Information.

**IT IS THEREFORE ORDERED** that the Parties shall be bound by the Order imposed herein.

1. **DEFINITIONS**: The following definitions apply to this Order.

    A. "**Order**" refers to the instant Stipulated Protective Order.

    B. "**Plaintiff**," means Michael Smith, his agents, representatives, attorneys, and others acting on his behalf.

    C. "**Defendant**" means Erachem Comilog Inc., and its agents, representatives, employees, attorneys, and others acting on its behalf.

    D. "**Party**" means Plaintiff or Defendant individually.

    E. "**Parties**" collectively refers to Plaintiff and Defendant.

    F. "**Discovery Items**" mean all materials and information produced or provided by any Party through discovery in this action, including information obtained during the aforementioned inspection, also including but not limited to: documents or other tangible things produced in response to a subpoena, deposition notice, document request, agreement of the Parties, or deposition testimony.

    G. "**Third Party**" means any person or entity other than the Parties, irrespective of whether the person or entity was identified as a potential witness.

    H. "**Producing Party**" means the Party that is producing or providing Discovery Items.

    I. "**Inspecting Party**" means the Party that is receiving Discovery Items produced or provided by another Party or a Third Party.

    J. "**Plaintiff's Trial Counsel**" means those attorneys who have entered an appearance in this action as trial counsel for Plaintiff, and all partners, shareholders, associates, members, and employees of Plaintiff's Trial Counsel's respective firm or office.

    K. "**Trial Counsel**" collectively means those counsel who have entered an appearance in this action as trial counsel for both Plaintiff and Defendant,

and all partners, shareholders, associates, members, and employees of their respective firms.

L. "**Discovery**" means formal discovery, informal discovery, and discovery by agreement.

M. "**Confidential Information**" means any Discovery Item that is properly designated pursuant to Paragraph 2 below. Confidential Information shall include, but is not limited to: extracts or summaries of such Discovery Items, memoranda or briefs that contain or reference such Discovery Items, and any non-privileged communications that address the subject matter of such Discovery Items.

N. "**Protected Material**" means any Discovery Item provided by Defendant that is properly designated pursuant to Paragraph 2 below. Protected Material shall include, but is not limited to: extracts or summaries of such Discovery Items, memoranda or briefs that contain or reference such Discovery Items, and any non-privileged communications that address the subject matter of such Discovery Items.

2. **DESIGNATION(S)**: DEFENDANT MUST DESIGNATE CONFIDENTIAL INFORMATION, WHICH IT IN GOOD FAITH DEEMS TO BE PROTECTED MATERIAL, BY AFFIXING "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" OR SOME SIMILAR DESIGNATION TO EACH PAGE OF THE DOCUMENT IN A SIZE AND LOCATION THAT MAKES THE DESIGNATION READILY APPARENT BUT NOT IN A MANNER THAT OBSCURES ANY WRITING OR MARKING ON THE DOCUMENT. ALL DOCUMENTS DESIGNATED AS SUCH SHALL BE SUBJECT TO THE PROVISIONS OF THIS ORDER.

3. **INADVERTENT PRODUCTION**: ANY CONFIDENTIAL INFORMATION THAT IS INADVERTENTLY PRODUCED WITHOUT WRITTEN NOTICE OR DESIGNATION OF ITS RESTRICTED NATURE MAY BE SO DESIGNATED BY THE PRODUCING PARTY WITHIN A REASONABLE TIME FOLLOWING THE DISCOVERY THAT SUCH MATERIALS WERE PRODUCED WITHOUT APPROPRIATE DESIGNATION.

4. **CHALLENGING DESIGNATION**: NOTHING IN THIS ORDER SHALL PREVENT ANY PARTY FROM CONTENDING THAT ANY OR ALL PROTECTED MATERIAL WAS NOT PROPERLY DESIGNATED OR THAT ANY SUCH DOCUMENTS SHOULD BE SUBJECT TO A DIFFERENT RESTRICTION ON USE OR DISCLOSURE THAN SET FORTH IN THIS ORDER. ANY PARTY MAY AT ANY TIME REQUEST THAT THE PROTECTED MATERIAL DESIGNATION BE CHANGED OR CANCELLED AND TO AGREE THAT SUCH PROTECTED MATERIAL SHALL NO LONGER BE SUBJECT TO THE PROVISIONS OF THIS ORDER OR SHALL BE SUBJECT TO SOME

DIFFERENT RESTRICTION ON USE AND DISCLOSURE THAN SET FORTH IN THIS ORDER. SUCH REQUEST SHALL BE WRITTEN, SHALL BE SERVED ON TRIAL COUNSEL OR COUNSEL FOR THE THIRD PARTY, AND SHALL PARTICULARLY IDENTIFY THE DOCUMENTS THAT THE PARTY CONTENDS SHOULD NOT BE SO DESIGNATED AND THE REASONS SUPPORTING THOSE CONTENTIONS. THE REQUEST SHALL BE DEEMED DENIED UNLESS WITHIN 10 BUSINESS DAYS AFTER RECEIPT OF SUCH REQUEST THE PRODUCING PARTY OR THIRD PARTY SHALL IN WRITING APPROVE THE REQUEST. THEREAFTER, THE PARTY MAKING THE REQUEST MAY CHALLENGE THE PRODUCING PARTY'S DESIGNATION BY APPLICATION TO THE COURT. SUCH AN APPLICATION SHALL BE MADE AT ANY TIME DURING THE PENDENCY OF THIS ACTION AFTER FOLLOWING THE PROCEDURES SET FORTH ABOVE.

5. **REVIEW OF ORDER**: Any of Plaintiff's Trial Counsel, expert witnesses and/or Plaintiff who in any way utilizes the Protected Material shall do all of the following: (1) read this Order in its entirety and (2) acknowledge in the written instrument attached thereto as Exhibit A that he or she is fully familiar with the terms of the Order and agrees to comply with and be bound by the Order. Counsel shall retain all signed instruments in its records, and in the event of a breach or a reasonably suspected breach of the Order, counsel will cooperate in reasonable efforts to enforce the Order, including, without limitation, disclosing the identity of those persons to whom Protected Material was revealed, disclosed, or described, and provide all other counsel of record with signed copies of the instruments attached thereto as Exhibit A.

6. **ADDITIONAL PARTIES**: IN THE EVENT THAT ANY ADDITIONAL PERSONS OR ENTITIES BECOME PARTIES TO THIS LITIGATION, NO SUCH ADDITIONAL PARTY SHALL HAVE ACCESS TO ANY PROTECTED MATERIAL UNTIL THAT PARTY AGREES TO BE BOUND BY THIS ORDER AND HAS EXECUTED AND FILED WITH THIS COURT A COPY OF THIS ORDER, OR AS OTHERWISE ORDERED BY THE COURT.

7. **USE AND MAINTENANCE**: ALL PROTECTED MATERIAL SHALL BE USED ONLY IN THE PREPARATION FOR TRIAL OR AT TRIAL IN THIS ACTION. NEITHER PLAINTIFF'S TRIAL COUNSEL, PLAINTIFF, PLAINTIFF'S EXPERT WITNESSES, NOR ANYONE ELSE ON PLAINTIFF'S BEHALF MAY USE THE PROTECTED MATERIAL FOR ANY OTHER PURPOSE THAN IN ACCORDANCE WITH THE TERMS OF THIS ORDER. PROTECTED MATERIAL SHALL BE MAINTAINED IN CONFIDENCE BY PLAINTIFF'S TRIAL COUNSEL AND SHALL NOT BE DISCLOSED TO ANY OTHER PERSON IN THIS LITIGATION OR ANY SUBSEQUENT LITIGATION.

8. **COURT ORDER TO SEAL DOCUMENTS**: A PARTY DESIRING TO CAUSE A DOCUMENT THAT HAS BEEN DESIGNATED BY SUCH PARTY AS "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" TO BE FILED WITH

THE COURT UNDER SEAL MUST SEEK COURT APPROVAL TO DO SO. A PARTY DESIRING TO CAUSE A DOCUMENT THAT HAS BEEN DESIGNATED BY ANOTHER PARTY AS "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER" TO BE FILED WITH THE COURT SHALL PROVIDE AT LEAST TEN (10) DAYS' WRITTEN NOTICE TO THE PARTY WHO HAD DESIGNATED THE DOCUMENT AS "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER," AND SUCH PARTY MAY THEN SEEK COURT APPROVAL TO CAUSE THE DOCUMENT TO BE FILED UNDER SEAL. IN THE EVENT THE COURT ORDERS A DOCUMENT FILED UNDER SEAL, THE PARTIES WILL USE THE FOLLOWING PROCEDURE TO FILE THE PROTECTED MATERIAL WITH THE COURT:

> TO THE EXTENT THAT ANY DOCUMENTS FILED WITH THIS COURT, INCLUDING PORTIONS OF TRANSCRIPTS, EXHIBITS, AFFIDAVITS, BRIEFS, MEMORANDA, MOTIONS, ANSWERS TO INTERROGATORIES, AND RESPONSES TO OTHER DISCOVERY REQUESTS, INCLUDE CONTENTS OF ANY PROTECTED MATERIAL, COUNSEL FILING SUCH DOCUMENTS SHALL PLACE THEM IN A SEALED ENVELOPE OR OTHER APPROPRIATELY SEALED CONTAINER THAT SHALL BE MARKED AS FOLLOWS:
>
> CONFIDENTIAL: PROTECTED BY COURT ORDER
>
> BY ORDER OF THIS COURT, THE INFORMATION AND DATA CONTAINED HEREIN ARE PROTECTED AGAINST ANY USE, DISCLOSURE, OR DISPLAY.
>
> SUCH INFORMATION MAY BE OPENED ONLY UPON FURTHER DIRECTION OF THIS COURT. NO PROTECTED MATERIAL FILED UNDER SEAL SHALL BE MADE AVAILABLE TO THE PUBLIC OR OTHERS EXCEPT BY FURTHER ORDER OF THIS COURT IN ACCORDANCE WITH THE TERMS OF THIS ORDER. THE ORIGINAL AND ALL COPIES OF ANY DOCUMENT FILED UNDER SEAL WITH THIS COURT SHALL STATE IN BOLD LETTERS ON THE FIRST PAGE OF THE DOCUMENT THAT SUCH DOCUMENT IS CONFIDENTIAL AND UNDER SEAL. THE CLERK OF COURT SHALL RETURN, UPON CONCLUSION OF THIS ACTION, ALL PROTECTED MATERIAL TO THE PRODUCING PARTY.

9. **USE AT TRIAL**: NOTHING IN THIS ORDER LIMITS THE RIGHT OF ANY PARTY TO SEEK TO USE PROTECTED MATERIAL AT THE TRIAL OR OTHER PROCEEDINGS BEFORE THIS COURT IN THIS ACTION. IF ANY PROTECTED MATERIAL IS TO BE USED AT THE TRIAL OR IN ANOTHER

PROCEEDING BEFORE THIS COURT IN THIS ACTION, THE COURT WILL DETERMINE AND DIRECT AT THAT TIME THE MANNER AND EXTENT TO WHICH THE PROTECTED MATERIAL IS TO BE PROTECTED. ALL PARTIES RESERVE THE RIGHT TO SEEK ADDITIONAL PROTECTION FOR PROTECTED MATERIAL IDENTIFIED FOR USE AT TRIAL OR IN OTHER PROCEEDINGS BEFORE THIS COURT.

10. **PERPETUATION**: THIS ORDER SHALL CONTINUE TO BIND ALL PARTIES AND INDIVIDUALS RECEIVING PROTECTED MATERIAL AFTER THE CONCLUSION OF THIS ACTION UNLESS THE PARTIES AGREE OTHERWISE IN WRITING OR THIS COURT ORDERS OTHERWISE.

11. **RETURN OR DESTRUCTION OF INFORMATION**: ALL DOCUMENTS WILL BE RETAINED AND DISPOSED OF IN ACCORDANCE WITH THE FEDERAL RECORDS ACT, 44 U.S.C. § 3301 ET SEQ. PARTIES AND COUNSEL MAY RETAIN COPIES OF BRIEFS AND OTHER PAPERS FILED WITH THIS COURT IN THIS ACTION THAT CONTAIN PROTECTED MATERIAL, SO LONG AS SUCH BRIEFS AND OTHER PAPERS ARE MAINTAINED IN ACCORDANCE WITH THE PROVISIONS OF THIS ORDER.

12. **PRODUCTION**: EXCEPT TO THE EXTENT THAT DEFENDANT OBJECTS TO THE PRODUCTION OF ANY CONFIDENTIAL INFORMATION FOR REASONS OTHER THAN THE PROPRIETARY AND MARKET-SENSITIVE NATURE OF THE MATERIAL, AND SUBJECT TO THE RESTRICTIONS AND PROVISIONS OF THIS ORDER, DEFENDANT SHALL PROVIDE OR MAKE AVAILABLE TO PLAINTIFF ALL CONFIDENTIAL INFORMATION IN COMPLETE, UN-REDACTED FORM.

13. **FREEDOM OF INFORMATION ACT**: Defendant intends all documents identified as Confidential pursuant to this protective order to be treated as not available for public inspection pursuant to the Freedom of Information Act ("FOIA"), 5 USC 552; 47 CFR 457. Plaintiff agrees to treat Confidential documents as exempt from FOIA unless the designation of a document is challenged pursuant to the procedures in this protective order. If disclosure of Confidential documents is sought by a request or demand under FOIA, regardless of whether Defendant has previously successfully disputed that designation, Plaintiff will give prompt notice thereof to Defendant pursuant to 29 CFR 70.26. Defendant may resist by all legitimate means any attempt, of any kind whatever, to compel disclosure or otherwise breach the Confidentiality of documents or the terms of this protective order.

**IT IS SO ORDERED.**

**APPROVED:**

_____
**Judge Aleta A. Trauger**

**AGREED:**

| | |
|---|---|
| *s:/ Nina H. Parsley* | *s:/ Frank Thomas* |
| _____ | By:_____ |
| Donald D. Zuccarello, Esq. | Frank Thomas |
| Nina H. Parsley, Esq. | BPRN 012268 |
| BPRN 15092; BPRN 23818 | Leitner, Williams, Dooley & Napolitan PLLC |
| Attorney for Plaintiff | Attorney for Defendant |
| 3209 West End Ave. | 414 Union Street, Suite 1900 |
| Nashville, Tennessee 37203 | Nashville, Tennessee 37219-1782 |
| (615) 259-8100 | 615) 255-7722 |
| nparsley@ddzlaw.com | frank.thomas@leitnerfirm.com |
| | |
| | *s:/ Kevin E. Hess* |
| | By:_____ |
| | Steven M. Loewengart (pro hac vice) |
| | Kevin E. Hess (pro hac vice) |
| | Squire, Sanders & Dempsey (US) LLP |
| | Attorneys for Defendant, Erachem Comilog |
| | 2000 Huntington Center |
| | 41 South High Street |
| | Columbus, Ohio 43215 |
| | (614) 365-2700 |
| | (614) 365-2499 Fax |
| | *sloewengart@ssd.com* |
| | *khess@ssd.com* |

# EXHIBIT A

## **AGREEMENT OF CONFIDENTIALITY**

The undersigned acknowledges that he/she has read and understands the provisions of the *Stipulated Protective Order* in the case of *Michael Smith v. Erachem Comilog Inc.,* Case No. 3:10-CV-00635, before the United States District Court for the Middle District of Tennessee at Nashville, entered the ____ day of _____, 2011, and agrees to be bound by the terms and conditions thereof.

Dated this ____ day of _____, 2011.

_____

{01434263.DOC}